No. 29,157.

LYDIA RUDOLPH, *Appellant,* v. BEN BOHNENBLUST et al., *Appellees.*

(287 Pac. 260.)

Opinion filed May 3, 1930.

*Ira C. Snyder,* of Manhattan, and *C. Vincent Jones,* of Clay Center, for the appellant.

*Hal E. Harlan* and *Ambrose M. Johnston,* both of Manhattan, for the appellees.

The opinion of the court was delivered by

BURCH, J.: In a case tried by the court, plaintiff requested the court to state findings of fact and conclusions of law. The request was denied, and plaintiff appeals.

The request, which was made on October 6, follows:

"Plaintiff, while the taking of testimony is still in progress, requests the court to make special findings of fact and conclusions of law herein, and offers to furnish to the court for his convenience therein a full transcript of the testimony."

The journal entry of the proceedings shows the trial commenced on October 5. Plaintiff introduced her evidence, and at 3 p. m. rested. A demurrer to plaintiff's evidence was interposed, and was overruled. Thereupon defendants offered evidence until 6 p. m., when the court adjourned until 9 a. m. the following day. Beginning at 9 a. m. of October 6, defendants offered evidence until 10 a. m., when they rested. Plaintiff then offered evidence in rebuttal. So far as the record discloses, the request may have been made just before plaintiff closed her rebuttal evidence. Plaintiff's brief states that most of the testimony had been introduced when the request was made. Defendant's brief states the request was not made until shortly before the close of the testimony. The reply brief does not deny this statement.

Error will not be presumed. Error must affirmatively appear. The presumption on appeal is, in the absence of a contrary showing, that proceedings were regular. The burden is on the complaining party to show irregularity. The statute does not fix the time, with relation to commencement of trial, when request for findings of fact and conclusions of law shall be made. The matter is subject to regulation by rule of court. In this instance, in order to make error affirmatively appear, it was necessary for plaintiff to show to this court absence of any rule and timely request under the particular circumstances, or compliance with an existing rule. There is no such showing.

Defendant's brief says the trial court had a rule requiring the request to be made before introduction of testimony, and says the court called attention of counsel for plaintiff to the rule when the belated request was made and denied. The reply brief does not dispute these statements.

Leaving at one side everything except the formal abstracts of the record, there is nothing to indicate that plaintiff suffered any prejudice on account of the court's refusal to make findings of fact. The court did find that plaintiff failed to establish the allegations of her petition. The record necessitates the inference that the court disbelieved testimony offered by plaintiff to sustain allegations of

her petition which she was obliged to establish by proof in order to recover, and believed contradictory testimony offered by defendants. Apparently the assignment of error relating to refusal of the request for findings of fact merely serves as an excuse to debate in this court conflicting testimony.

There is nothing else in the case which requires discussion, and the judgment of the district court is affirmed.